Good morning again, Your Honors. For the record, my name is Kurt Rowland, the defendant, Mr. Valencia-Espindola. Mr. Valencia-Espindola, I'd like to reserve again a minute for the bell. Mr. Valencia-Espindola, I'd like to reserve again a minute for the bell. You have to keep your voice up. Yes. Still. Still. Mr. Valencia-Espindola was wrongly assessed two criminal history points for misdemeanor conviction that should have been excluded under sentencing guidelines section 4A1.2c1. In 2001, he received two convictions for driving without a valid license. For one of those, he received a 30-day completely suspended sentence, and for the second, he received a 90-day completely suspended sentence. Under the guidelines, driving without a valid license is a misdemeanor which is excluded under 4A1.2c1 as long as it's not a term of imprisonment of at least 30 days. District Court held that the totally suspended sentence must count as a prior sentence under the reading of this Court in Williams. But in doing so, it noted that the logic of Williams wasn't completely clear between the distinction between a partially and a totally suspended sentence. Mr. Valencia-Espindola is in a position that Williams is wrongly decided. In Williams, the defendant received a six-month sentence for criminal mischief. And the Court there noted it was a suspended sentence. And the Court there noted that pursuant to 4A1.2a3, the conviction for which the position or execution was totally suspended or stayed would be considered, given a criminal history point under 4A1.1. On this basis alone, the Court gave him an additional criminal history point, but it didn't provide any further analysis that explains how it reached that. It's not clear whether Williams was dicta or precedent. If we look at Hernandez-Hernandez, it seems to say that it was precedent. And if that's the case, our position would be that it should be overruled if it was dicta, and it should be narrowed. Williams is flawed because it fails to take into account Section 4A1.2b2, the overall structure, the guidelines, and the application notes. Under 4A1.2b2, if part of a sentence of imprisonment was suspended, suspended, a sentence of imprisonment refers only to the portion that was not suspended. The Eighth Circuit's decision, U.S. v. Johnson, 43F3-1211, 1995, gives a better reasoned approach than Williams. Johnson explains that 4A1.2a3 makes clear that a suspended sentence falls within the definition of a prior sentence. However, the fact that something is a prior sentence does not mean it's ultimately accountable. For example, some sentences are excluded due to age and others because of their minor nature, which is not a valid driver's license's word here. Johnson's analysis is also consistent with the structure of the guideline because it takes into consideration 4A1.2b2, which deals with partially suspended sentences, while still looking at 4A1.1c and 4A1.2a3, which the Ninth Circuit didn't do in Williams. They just relied on 4A1.1. If the Court would like, I can recite what those sections say. Given the structure of guidelines as a whole, it makes sense to read 4A1.2a3 as applying only to those suspended sentences that are not otherwise excluded. The decision in Williams produces incongruous results. For example, under Williams, if someone has a 30-day completely suspended sentence for a non-valid driver's license, they're going to get a criminal history point under the guidelines. But if someone has a 30-day sentence with 28 days suspended under the reasoning of Hernandez-Hernandez, they're not going to get a criminal history point. It doesn't make sense under the guidelines because one of the guidelines is to punish the more serious crime. If someone gets a completely suspended sentence, it's not as serious as someone who has a partially suspended sentence and spends time. Therefore, the reasoning that would be the argument would be then that Williams creates an anomaly given this Court's later decision in Hernandez-Hernandez, which said that a partially suspended sentence, they only look to basically 4A1.2a3 or 4A1.2b2. Alternatively, if the Court finds that the sections are ambiguous under the rule of lenity, Mr. Velazquez-Espindola would argue that ambiguity should be resolved in his favor and the two misdemeanor convictions, the two criminal history points added from misdemeanor convictions should be excluded from his criminal history score. Mr. Valencia-Espindola requests that the Court find that Williams failed to properly consider the interaction between 4A1.2a3 and 4A1.2b2. Moving to the next issue, Mr. Valencia-Espindola argues that under the reasoning of Apprendi and Blakely, his sentence was impermissibly enhanced beyond the statutory maximum. Now, the first argument is that Almedores is no longer fit law because Apprendi undermines that. Thomas, Justice Thomas' concurrence basically said that his reasoning in Almedores-Torres was in error. While it doesn't directly overrule Almedores-Torres, I think it calls the ruling of Almedores-Torres into question. Another distinction between this case and that in Almedores-Torres was that there the defendant admitted to the prior conviction. And here Mr. Valencia-Espindola did not in the indictment or in his change of plea. While it's recognized that Pacheco-Zapata says this Court's decision, Pacheco-Zapata said that the distinction doesn't matter. We would just like to preserve this issue for appeal to the Supreme Court. That's all, Your Honors. Thank you. Good morning. May it please the Court. I'm Greg Shogren, representing the appellee, United States, from Yakima, Washington. A little procedural history because I don't think I need to say much this morning. I filed a motion to submit the issues on the briefs. That motion was denied. I arrived here in Seattle this morning and saw on the calendar where the case had been submitted or ordered submitted on the briefs, and then I found out that that wasn't true. I almost turned on my heel and walked out into the rain. At any rate, I still think that this case should be submitted on the briefs. I think the issues are very, very simple. I think they've been beaten to death in the circuit and in the various districts, and I think the law, whether we like it or not, is pretty plain and simple. As to the first issue regarding the sentence enhancement by 16 levels for the aggravated felony conviction for rape, Almond Torres and Chico Zepeda and Quintana appeared to control. And with regard to the second issue, I think Williams, you know, whether we disagree with it or not. Well, Williams may control, but I sort of like your take for this panel, but I sort of like your take on whether Williams is, whether you think, I think Williams really is, whether you think it's sound. I think, I understand. It's a circuit split. I don't think it's fair. I think the result is unfair. I guess that's my answer. Now, one issue that wasn't raised by anyone and it hasn't been entertained by the Court yet, I don't think, and that is, and it just struck me in reading the materials in preparation for argument, reading the record of the sentencing hearing, the judge obviously felt constrained by the law to sentence under the guidelines as he did. So I think maybe I shouldn't be suggesting this, but I think that in all fairness to this defendant. It's your obligation. I think this should be remanded for resentencing to determine whether or not the judge Succo and Yakima felt so constrained by the law, as he said at the sentencing hearing, that he may have sentenced this defendant differently, having realized that the guidelines were not mandatory. So I would, I guess I would ask the Court then that this be ordered in return for a limited resentencing based on the amyloid procedures. In response to the Chief Judge's question, did you say that you thought the result in Williams was unfair? Well, yes. Would you explain? Well, I mean, for someone to get a sentence of 29 days in jail and not receive criminal history points and someone to get a 30-day suspended sentence and get a criminal history point has an unfair result. And I'm not, and I don't think Williams is an aberration because Hernandez in the 11th Circuit did the same thing with a 30-day suspended sentence for the very same offense, no driver's license. The trouble is that it can be unfair only because it's different. Now, it could be that somebody would judge it to be fair if a sentence is totally suspended and the sentence is more than the threshold amount to make it accountable. It's totally suspended, you count it. If it's partially suspended, you look at how much was imposed to determine whether it's countable and you don't care how much was suspended. And you would make it equal. Now, the question is, if it were all equally done, even handedly, let's say, instead of this anomaly that you point out, we could say, okay, it's uniform. It's uniform now, right? Uniformly fair or unfair. Which? Pick your poison, right? Well, and I leave that for greater minds than my own. Well, in any event, there's an inconsistency among the circuits. Do you have any information about whether the government may be asking the Supreme Court to straighten this out? No, I do not have any information to that. Thank you. Thank you. Thank you. Any response? Defense counsel would agree with the government that it produces an unfair result and that Williams, again, didn't take into consideration the guidelines as a whole, section 4A1.2b2, which dealt with partially suspended sentences. Thank you. Thank you. The case just argued is submitted for decision.
judges: Schroeder, Alarcon, Leavy